PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TSHOMBE P. MILLER, | ) | |
| | ) | CASE NO.  4:16CV2491 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LT. SULLIVAN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro Se* Plaintiff Tshombe Miller filed this *Bivens*[1] action against Lt. Sullivan, the Northeast

Ohio Correctional Center ("NEOCC"), and Corrections Corporation of America ("CCA").[2]

Plaintiff was a federal inmate incarcerated at NEOCC at all times relevant to this action.[3]  In the

Complaint (ECF No. 1), Plaintiff alleges that Lt. Sullivan told other NEOCC inmates that Plaintiff

_____

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides federal inmates and detainees with a cause of action analogous to 42 U.S.C. § 1983.

[2] A private corporation that owns and operates NEOCC.

[3] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/ (last visited December 22, 2016)), Plaintiff is currently housed at FCI Gilmer.
   Plaintiff has failed to provide the court with his current address.  It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address.  *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(4:16CV2491)

is a "sex inmate," thus putting Plaintiff's life in jeopardy.  Plaintiff asserts his right to due process was violated and he seeks $75,000.00 in damages.  For the reasons stated below, Plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e).

## I.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[4]  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

---

[4]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

(4:16CV2491)

## II.  Law and Analysis

The few allegations set forth in the Complaint (ECF No. 1) do not reasonably suggest a factual basis for a due process claim against Defendants.  Moreover, even had Plaintiff alleged facts plausibly supporting a constitutional claim, the Supreme Court has declined to extend *Bivens* to employees of a private federal prison when state law tort remedies are available.  *Minneci v. Pollard, --- U. S. ---- , 132 S. Ct. 617 (2012)*.  Even construing the Complaint (ECF No. 1) liberally in a light most favorable to Plaintiff, *Brand v. Motley, 526 F.3d 921, 923 (6th Cir. 2008)*, the Court finds it does not state a valid federal claim.

## III.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Tshombe P. Miller, #64038-060, FCI Gilmer, P.O. Box 6000, Glenville, West Virginia 26351.

IT IS SO ORDERED.

 December 22, 2016                           */s/ Benita Y. Pearson*          
Date                                          Benita Y. Pearson
                                          United States District Judge

3